**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ROBERT A. DAVIES, | |
| Plaintiff, | |
| v. | Civil Action No. 25-16024 (MAS) (TJB) |
| | **MEMORANDUM OPINION** |
| CALVIN L. TODD, *et al.*, | |
| Defendants. | |

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Great American Alliance Insurance Company's ("Great American") Motion to Dismiss (ECF No. 2), and Plaintiff Robert Davies's ("Plaintiff") Cross-Motion to Remand (ECF No. 4). In his Cross-Motion, Plaintiff also opposed Great American's Motion to Dismiss (ECF No. 4-2), and Great American jointly replied in further support of its Motion and opposed Plaintiff's Cross-Motion (ECF No. 5). The Court has carefully considered the parties' submissions and reaches its decision without oral argument under Local Civil Rule 78.1(b). For the reasons below, Plaintiff's Cross-Motion to Remand is granted and the Court finds it does not have jurisdiction to decide Great American's Motion to Dismiss.

**I.    BACKGROUND**

This matter arises out of a motor vehicle accident where an object left a mobile kitchen trailer attached to a vehicle owned or operated by Defendants Calvin Todd ("Todd"), CT's Bar-B-Que ("CT's BBQ"), and CT's Bar-B-Que LLC ("CT's BBQ LLC") (collectively, "the BBQ Defendants") and struck Plaintiff's vehicle and his person. (*See generally* Compl., ECF No. 1-1.)

Plaintiff brought a direct claim against the BBQ Defendants in the Superior Court of New Jersey, Law Division, Somerset County, in 2022.[1] (*Id.* ¶ 5.) In January 2025, Plaintiff entered into a partial settlement agreement with Todd in exchange for $250,000—the limit available under his liability insurance policy with Farmers Insurance Exchange. (*Id.* ¶¶ 6-7.) On February 27, 2025, the BBQ Defendants assigned all their rights and interests in any claims, causes of action, affirmative defenses, or crossclaims that they might have against their other insurer, Great American, to Plaintiff. (*Id.* ¶ 9.) At all relevant times, the BBQ Defendants had a $1,000,000 policy limit with Great American, but Great American determined there was no duty to provide coverage under its policy. (*Id.* ¶¶ 8, 11-12.) Plaintiff and the BBQ Defendants stipulated to a dismissal without prejudice on April 30, 2025. (Not. of Removal ¶ 7, ECF No. 1; Ex. B to Not. of Removal, ECF No. 1-2.)

On July 25, 2025, Plaintiff filed the present action in the Superior Court of New Jersey, Law Division, Somerset County. (*See generally* Compl.) The Complaint asserts a negligence cause of action against the BBQ Defendants for damages incurred from the accident and seeks a declaration against Great American to: (1) provide insurance coverage to protect the interests of the BBQ Defendants; and (2) compensate Plaintiff within the $1,000,000 policy limit. (*See generally id.*) Plaintiff served Great American with the Complaint on August 29, 2025 (Not. of Removal ¶ 11), and Great American subsequently removed this action from state court on September 26, 2025 (*see generally id.*). Great American alleges that this Court has original jurisdiction over the present action under 28 U.S.C. § 1332 because the amount in controversy is $1,000,000, and complete diversity exists. (*Id.* ¶¶ 19-28.) To establish complete diversity, Great

---

[1] Plaintiff also named Janis Todd as a defendant in that action, but she is not a party here. (Compl. ¶ 5.)

American asserts that it is a citizen of Ohio, Plaintiff is a citizen of New Jersey, and although Todd is a citizen of New Jersey, the Court should disregard the citizenship of the BBQ Defendants as nominal parties "against whom no money damages are sought based upon the prior settlement and assignment [of rights]." (*Id.* ¶¶ 19-23.)

Great American thereafter moved to dismiss on October 3, 2025. (Great American's Motion to Dismiss, ECF No. 2.) Plaintiff opposed Great American's Motion to Dismiss and cross-moved to remand. (Pl.'s Cross-Motion to Remand, ECF No. 4.) Great American filed a consolidated reply brief in further support of its Motion to Dismiss and in opposition to Plaintiff's Motion to Remand. (Great American's Opp'n and Reply Br., ECF No. 5.)

## II.    **LEGAL STANDARD**

For removal to be proper, a federal court must have original jurisdiction; that is, the removed claims must arise from a "right or immunity created by the Constitution or laws of the United States[,]" or there must be complete diversity between the parties. *Concepcion v. CFG Health Sys. LLC*, No. 13-2081, 2013 WL 5952042, at *2 (D.N.J. Nov. 6, 2013) (quoting *Boncek v. Pa. R. Co.*, 105 F. Supp. 700, 705 (D.N.J. 1952)); 28 U.S.C. §§ 1331, 1332. To satisfy the jurisdictional requirements of 28 U.S.C. § 1332(a)(1), the federal diversity statute, no plaintiff can be a citizen of the same state as any of the defendants and the amount in controversy must exceed $75,000.00. *Schneller ex rel. Schneller v. Crozer Chester Med. Ctr.*, 387 F. App'x 289, 292 (3d Cir. 2010).

A motion to remand is governed by 28 U.S.C. § 1447(c), which provides that a case removed to federal court shall be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." After a matter is filed in state court, a defendant may remove any action over which the federal courts have jurisdiction. 28 U.S.C. § 1441(a). The

party removing the action has the burden of establishing federal jurisdiction. *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). Removal statutes are "strictly construed against removal and all doubts should be resolved in favor of remand." *Id.*

**III.    DISCUSSION**

Great American moves to dismiss Plaintiff's Complaint for declaratory judgment, arguing that Plaintiff's claims are not covered under the insurance policy. (*See generally* Great American's Moving Br., ECF No. 2-1.) Plaintiff submits that Great American's removal was improper because it fails to demonstrate that complete diversity exists. (Pl.'s Opp'n & Moving Br. 10-14, ECF No. 4-2.) The Court first addresses Plaintiff's Motion to Remand as a threshold matter. *See Newton v. S. Jersey Paper Prod. Co., Inc.*, No. 19-17289, 2020 WL 2059954, at *2 (D.N.J. Apr. 29, 2020) ("Though [d]efendant's motion to dismiss came earlier in time than [p]laintiff's motion to remand, the Court is obligated to consider [p]laintiff's motion to remand first."). For the reasons that follow, Plaintiff's Motion to Remand is granted.

When deciding "whether an action should be remanded to the state court from which it was removed, the district court must focus on the plaintiff's complaint at the time the petition for removal was filed" and "assume as true all factual allegations of the complaint." *Steel Valley*, 809 F.2d at 1010 (citation modified). In addition to the complaint, courts may evaluate the notice of removal and later-filed affidavits that serve to supplement the notice of removal for facts required to support removal. *See USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.12 (3d Cir. 2003). A court may disregard nominal or fraudulently joined parties, but it may not ignore indispensable parties. *Steel Valley*, 809 F.2d at 1010.

The parties here are not diverse because Plaintiff and Todd are both citizens of New Jersey.[2] (Not. of Removal ¶¶ 19, 23.) To circumvent remand, however, Great American makes three principal arguments: (1) the BBQ Defendants were not served prior to removal and, therefore as a procedural matter, Great American did not need their consent to file its Notice of Removal; (2) the partial settlement agreement insulates the BBQ Defendants from personal liability in this lawsuit and, as a result, the BBQ Defendants are nominal defendants; and (3) the Court should realign the parties because Plaintiff and the BBQ Defendants are united in their interest for Great American to provide insurance coverage.[3] (Great American's Reply and Opp'n Br. at 3-13.)

It is inconsequential that Plaintiff had not effectuated service upon the BBQ Defendants prior to removal, and Great American's reliance on *Encompass Insurance Co. v. Stone Mansion Restaurant Inc.*, 902 F.3d 147 (3d Cir. 2018), to defend the notion that its pre-service removal was

---

[2] Neither the Complaint nor the Notice of Removal identifies the citizenship of CT's Bar-B-Que or CT's Bar-B-Que LLC. It is well established that "[a] corporation is a citizen both of the state where it is incorporated and of the state where it has its principal place of business," *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015), "a limited liability company is a citizen of all the states of its members," *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018), and a limited partnership "is a citizen of each state or foreign country of which any of its partners is a citizen." *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569 (2004). Irrespective of whatever citizenship CT's Bar-B-Que or CT's Bar-B-Que LLC possess, Todd is a New Jersey citizen, which facially defeats diversity.

[3] Great American's Notice of Removal does not allege fraudulent joinder. (*See generally* Not. of Removal.)

proper is misplaced.[4] In *Encompass*, the Third Circuit addressed the propriety of a forum defendant's removal in the context of complete diversity, and the plaintiff there had not effectuated service on the forum defendant prior to it removing the action to federal court. *See* 902 F.3d 147, 149-50, 152-53; *see also Dillard v. TD Bank*, No. 20-7886, 2021 WL 1085461, at *2 (D.N.J. Mar. 22, 2021) (finding on reconsideration that *Encompass* does not support the proposition "that a snap removal allows a non-forum defendant to remove an action before the diversity-defeating forum defendant is served." (internal citations omitted)). Here, as distinguished from the circumstances in *Encompass*, complete diversity does not exist. Accordingly, Great American's pre-service removal is inappropriate. *See Pullman Co. v. Jenkins*, 305 U.S. 534, 541 (1939) (affirming remand of case to state court and finding that "the fact that the resident defendant has not been served with process does not justify removal by the non-resident defendant"). The Court next addresses whether the BBQ Defendants are nominal parties.

In diversity actions, "the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460 (1980) (citations omitted). Thus, "federal court[s] must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy." *Bumberger v. Ins. Co. of N. Am.*, 952 F.2d 764, 767 (3d Cir. 1991) (quoting *Navarro*, 446 U.S. at 461). A nominal party is one who is "neither necessary nor indispensable to join in the action." *Am. Asset Fin., LLC*

---

[4] In its opposition, Great American acknowledges that service upon the BBQ Defendants was completed on October 22, 2025, after the filing of removal. (Great American's Opp'n and Reply Br. 3; *see also* Ex. A to Great American's Opp'n and Reply Br., ECF No. 5-2 (BBQ Defendant's attorney acknowledgement of service).) Under New Jersey law, "acceptance of the service of a summons, signed by [a] defendant's attorney . . . shall have the same effect as if the defendant had been properly served." N.J. Ct. R. 4:4-6; *see also Staskewicz v. Harrington Corp.*, No. 10-3361, 2011 WL 976498, at *1 (D.N.J. Mar. 14, 2011) ("[S]ervice is proper under New Jersey law when a defendant executes an acknowledgement of service."). Accordingly, Plaintiff's post-removal service upon the BBQ Defendants was proper.

*v. Corea Firm*, 821 F. Supp. 2d 698, 700 (D.N.J. 2011) (quoting *Mallalieu-Golder Ins. Agency, Inc. v. Exec. Risk Indem., Inc.*, 254 F. Supp. 2d 521, 524-25 (M.D. Pa. 2003)). "A party is necessary and indispensable to the suit if the plaintiff states a cause of action against the party, and seeks relief from the party." *Isaac v. Mitchell*, No. 08-2505, 2008 WL 2890947, at *2 (E.D. Pa. 2008).

The BBQ Defendants are not nominal parties. Plaintiff's Complaint states a negligence cause of action against the BBQ Defendants and seeks relief in the form of damages, jointly and severally, for physical injuries, mental anguish, pain and suffering, and past and future medical expenses. (*See* Compl. ¶¶ 1-3); *Isaac*, 2008 WL 2890947, at *2. Although Great American takes the position that the partial settlement agreement nullifies the BBQ Defendants' personal satisfaction of any judgment, their negligence is still at issue in this matter. *See Liberty Mut. Ins. Co. v. Treesdale, Inc.*, 419 F.3d 216, 230 (3d Cir. 2005) (explaining that a legally protected interest relates to the subject of the action, as opposed to a mere financial interest); *see also Lehr v. McCord*, No. 02-1636, 2003 WL 21147365, at *1-3 (S.D. Ill. Mar. 11, 2003) (finding that a tortfeasor in a negligence action is not a nominal party despite his or her inability to pay appreciable damages where an insurance provider denies coverage and is joined into the suit to determine coverage). The BBQ Defendants, accordingly, have a tangible legal interest.

The assignment of the BBQ Defendants' rights to Plaintiff under the Great American policy (Compl. ¶ 9), similarly has no impact on whether the BBQ Defendants are nominal parties. Under New Jersey law, generally, plaintiffs in tort actions may not bring direct actions against liability insurers absent an assignment of rights to recover proceeds available within the insured's policy limits. *AJD Const. Co., Inc. v. Crum and Forster Specialty Ins. Co.*, No. A-1715-15T1, 2017 WL 1534893, at *7-8 (N.J. Super. Ct. App. Div. Apr. 28, 2017). But even with the assignment of rights here, Plaintiff's ability to recover the proceeds within Great American's policy limit is predicated

7

upon a finding that the BBQ Defendants are negligent and liable to Plaintiff in the amount of damages proven.[5] *See ACE Am. Ins. Co. v. Old Republic Gen. Ins. Corp.*, No. A-2939-18T1, 2020 WL 40005, at *2 (N.J. Super. Ct. App. Div. Jan. 3, 2020) (explaining that a cause of action for indemnification accrues when an insured becomes legally obligated to pay damages in the underlying personal injury action); *Manukas v. Am. Ins. Co.*, 237 A.2d 898, 900 (N.J. Super. Ct. App. Div. 1968) (explaining that an injured plaintiff possesses no direct cause of action against an insurer without first establishing tortfeasor's negligence and the quantum damages owed). The BBQ Defendants are necessary and indispensable parties because Plaintiff's right to recover, and therefore Great American's duty to indemnify, does not vest until the BBQ Defendants' liability is determined.[6]

In conclusion, the BBQ Defendants are not nominal parties, and they maintain a stake in the outcome of this action. As a result, the inclusion of the BBQ Defendants in this matter defeats diversity jurisdiction and militates remand. The Court, accordingly, lacks jurisdiction to address Great American's Motion to Dismiss.

---

[5] The Court expresses no opinion as to whether there is coverage under the policy such that Great American's duty to defend or indemnify the BBQ Defendants is triggered.

[6] Because the primary dispute in this matter is over the BBQ Defendants' negligence, which puts the BBQ Defendants at odds with Plaintiff, the Court will not realign the parties. *See Angst v. Royal Maccabees Life Ins. Co.*, 77 F.3d 701, 704 (3d Cir. 1996) (applying the "primary issue" test to determine when realignment of the parties is necessary).

IV.    **CONCLUSION**

For the foregoing reasons, the Court grants Plaintiff's Cross-Motion to Remand and lacks jurisdiction to decide Great American's Motion to Dismiss. The Court will issue an order consistent with this Memorandum Opinion.

_____

MICHAEL A. SHIPP

UNITED STATES DISTRICT JUDGE

Dated: May **27** , 2026

9